NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2012
Decided December 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

Nos. 12-2794 & 12-2796

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Western District of Wisconsin. |
| *v.* | Nos. 12-CR-12-WMC-01 & 12-CR-WMC-57-01 |
| ANTHONY CARRIOLA, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**ORDER**

Anthony Carriola was charged in the Western District of Wisconsin with obstructing commerce by robbing a pharmacy, *see* 18 U.S.C. § 1951, and brandishing a firearm during that crime, *see id.* § 924(c). He also was charged in the Southern District of Indiana with obstructing commerce by robbing another drugstore a month before the Wisconsin robbery. Carriola brandished a handgun during the Indiana holdup as well, and in both robberies he departed with morphine after physically assaulting a pharmacist. After consenting to the transfer of his Indiana case to Wisconsin, *see* FED. R. CRIM. P. 20(a), Carriola pleaded guilty to all three crimes. On the § 1951 counts the district court sentenced him below the guidelines imprisonment range to a total of 60 months. The court imposed a consecutive term of 84 months on the gun count, the statutory minimum. *See* 18 U.S.C. § 924(c)(1)(A)(ii).

Carriola filed a notice of appeal from each prosecution, but his appointed lawyer asserts that the appeals are frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Carriola has not responded to his lawyer's submission. *See* CIR. R. 51(b). He did tell counsel not to challenge his guilty pleas, and thus the lawyer properly omits from his *Anders* brief any discussion about the plea colloquy or the voluntariness of Carriola's guilty pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012)*; United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel has not identified any basis to challenge the district court's application of the sentencing guidelines, which the court adopted from the presentence report without objection. Counsel does question whether Carriola could challenge his overall prison term as unreasonably high, but the total sentence is below the guidelines range and presumed reasonable. *See United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012); *United States v. Martinez*, 650 F.3d 667, 673 (7th Cir. 2011). Counsel has not identified any ground to rebut this presumption, nor can we. In determining Carriola's sentence, the district court evaluated the factors listed in 18 U.S.C. § 3553(a), including Carriola's difficult childhood, his addiction to opiates, and the violent nature of the robberies. Thus a reasonableness challenge would be frivolous.

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeals.