NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013
Decided January 30, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2119

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11CR00206-001 |
| JAVON R. JONES, *Defendant-Appellant.* | Jane E. Magnus-Stinson *Judge*. |

**O R D E R**

Within a three-month period, Javon Jones robbed four Indianapolis banks and attempted to rob a fifth. He pleaded guilty to five counts of armed bank robbery, *see* 18 U.S.C. § 2113(a), and signed a plea agreement that "expressly waives his right to appeal the conviction . . . [and] the sentence imposed in this case on any ground" if the sentence is within or below the calculated guideline range. The district court calculated a guidelines range of 188 to 235 months' imprisonment and imposed a sentence of 235 months. Despite having waived his right to appeal as part of a plea agreement, Jones appeals. His appointed

lawyer now seeks to withdraw because he believes an appeal would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Jones has not responded directly to his lawyer's motion, *see* CIR. R. 51(b), but his lawyer reports that Jones wishes to challenge the voluntariness of his appeal waiver and the reasonableness of his sentence. We thus confine our review to these issues as they are presented in the lawyer's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

We will enforce an appellate waiver if its terms are unambiguous, as they are here, and if the defendant knowingly and voluntarily entered into the plea agreement containing the waiver. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). The transcript of Jones's plea colloquy shows that the court substantially complied with Federal Rule of Criminal Procedure 11, which renders the plea valid. *See* FED. R. CRIM. P. 11(h); *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Specifically, the district court explained the significance of the appeal waiver, Jones's trial rights, and the consequences of the plea. Jones told the court that he understood the court's warnings and that he was voluntarily giving up his right to appeal his sentence. Since an appeal waiver stands or falls with the guilty plea, and this plea is valid, the appeal waiver must be enforced. *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). Moreover, the issue Jones proposes—the reasonableness of the sentence—falls squarely within the appeal waiver's scope. The plea agreement "expressly waives his right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742."

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.