NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2018
Decided February 26, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-1731

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> ARTURO TERRELL, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 12-cr-49-1 <br><br> Robert M. Dow, Jr., <br> *Judge*. |

**O R D E R**

Arturo Terrell ordered 63 grams of powder cocaine from a supplier and cooked it with water and baking soda to produce 351.4 grams of crack cocaine, which he then sold to a buyer who was actually a confidential informant. He manufactured the crack cocaine at his residence, where he also possessed a semi-automatic pistol. Terrell pleaded guilty to manufacturing 280 grams or more of cocaine base, 21 U.S.C. § 841(a)(1). A probation officer prepared a presentence report and calculated a total offense level of 31 and a criminal history category of IV, yielding a Sentencing Guidelines range of 151 to 188 months' imprisonment. The district judge adopted the findings in the PSR and sentenced Terrell to a prison term of 135 months (16 months below the range and 15 months above the statutory minimum) and 5 years of supervised

release. Terrell filed a notice of appeal, but his appointed attorney moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Terrell has not responded to counsel's motion. *See* CIR. R. 51(b).

Counsel's brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel tells us that he consulted with Terrell in person and in writing about potential appellate issues "including withdrawing the guilty plea" and that Terrell "does not seek to withdraw his guilty plea." Counsel therefore rightly avoids discussing whether the plea was knowing and voluntary. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). We note, however, that counsel also says at various times that Terrell "has not stated that he wants to withdraw his plea," "has not stated any desire to vacate the plea," and "has not indicated that he wants to withdraw his guilty plea." These statements walk the line drawn in *Konzcak* because we place the burden on counsel to raise the issue and inform us whether the defendant, after discussing the option with counsel, stated that he does not want to challenge the plea. 287 F.3d at 349. Still, counsel's initial statement that he consulted with Terrell about that very issue reassures us that Terrell really "is not interested in withdrawing the plea." *Id*.

Counsel next considers, but rightly rejects, a challenge to the reasonableness of the below-guidelines prison sentence. A below-guidelines term is presumptively reasonable. *United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017). Before imposing the sentence, the district judge discussed the sentencing factors in 18 U.S.C. § 3553(a). He noted several mitigating factors: Terrell had "a very difficult upbringing;" he is 48 years old and so, the judge reasoned, would be unlikely to reoffend when released; he took classes when last incarcerated; he ran a legitimate business; he supported and spent time with his children; and he needed medical treatment for his shoulders. The judge considered Terrell's assertion that a ten-year sentence—the statutory minimum—would be sufficiently punitive because it would have been longer than any prior term in prison that he had served. Terrell also flagged a concern with the powder-to-crack cocaine ratio, and the judge said he considered that as well when fashioning the sentence. The judge determined that a ten-year term would reflect the seriousness of the offense, promote respect for the law, provide just punishment, and serve as adequate deterrence. But the judge characterized the offense as "very serious" and said he believed Terrell should

"get something" for possessing the gun and for his criminal history; this "something" was an additional fifteen months in prison, bringing the total term of imprisonment to 135 months. Regarding Terrell's ailing shoulders, the judge agreed to recommend to the Bureau of Prisons that Terrell be placed in a medical facility, and he let Terrell request which facility the judge would recommend. Because the judge considered the § 3553 factors and Terrell's mitigating arguments, it would be frivolous to argue the below-guidelines term of imprisonment is unreasonable.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.