NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2018
Decided October 26, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3008

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 16-20075-001 |
| LARRY C. JOHNSON, <br> *Defendant-Appellant.* | Colin S. Bruce, <br> *Judge.* |

**O R D E R**

Police officers received a tip that Larry Johnson had delivered drugs to a confidential source. They located Johnson driving his car and activated their emergency lights behind him. But he did not pull over. Instead, Johnson stopped at a hospital and fled into the emergency room, where he discarded a plastic bag containing cocaine base, marijuana, and a digital scale. The officers found Johnson hiding in the bushes outside the hospital and arrested him. He was indicted for one count of possession with intent to distribute twenty-eight grams or more of a mixture containing crack cocaine, 21 U.S.C. § 841(a)(1). On April 18, 2017, the government filed an information giving notice

of its intent to increase the statutory minimum sentence based on Johnson's felony drug conviction in state court on September 19, 2011. *See* 21 U.S.C. § 851(a). Johnson did not object to the information and two weeks later pleaded guilty. *Id.* § 841(a)(1). The district judge therefore sentenced Johnson to the increased statutory mandatory minimum of 120 months' imprisonment and eight years' supervised release. *See id.* § 841(b)(1)(B)(iii).

Johnson appeals, but his appointed lawyer seeks to withdraw, stating that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Johnson did not respond to counsel's motion. *See* Cir. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis appears to be thorough, we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Johnson could argue that his guilty plea was not knowing and voluntary. Counsel states in a footnote that "Mr. Johnson has not indicated that he wishes to withdraw his guilty plea, [*sic*] however he has not confirmed that he does not want to withdraw it." Generally, attorneys should not explore a Rule 11 argument in an *Anders* submission unless they know, "after consulting their clients, and providing advice about the risks," that the defendant wishes to withdraw the plea. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Although we do not condone the possible failure to undertake this necessary consultation, counsel still explains why it would be frivolous to challenge the validity of the guilty plea, and our own review of the record confirms this. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Johnson did not attempt to withdraw his guilty plea in the district court, and, as counsel notes, the transcript shows that the district court substantially complied with the requirements of Rule 11 to ensure that the plea was knowing and voluntary. *See* Fed. R. Crim. P. 11; *United States v. Bowlin*, 534 F.3d 654, 656–57, 660–61 (7th Cir. 2008).

Counsel next discusses the potential argument that the district court failed to comply with 21 U.S.C. § 851(b), by not explicitly confirming the validity of Johnson's 2011 felony conviction. *See United States v. Cheek*, 740 F.3d 440, 452–53 (7th Cir. 2014). Johnson never responded to or contested the government's notice of its intent to rely on the prior conviction to increase Johnson's minimum prison term. *See* 21 U.S.C. § 851(c). Counsel further notes, correctly, that if the predicate conviction is more than five years old, the defendant cannot challenge its validity. 21 U.S.C. § 851(e). The government

served its information five and a half years after Johnson incurred the conviction, so we agree that any challenge related to the increased statutory minimum would be frivolous. *See Cheek*, 740 F.3d at 452–53.

Last, counsel explains that any potential argument that Johnson's sentence is unreasonable would be frivolous. At the sentencing hearing, Johnson conceded that the guidelines range was properly calculated, that the mandatory minimum applied, and that the judge had no discretion to sentence him below that minimum. *See, e.g.*, *United States v. Brucker*, 646 F.3d 1012, 1016 (7th Cir. 2011). We therefore conclude that challenging the sentence would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.