**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018
Decided December 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1639

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-cr-40051-003 |
| REGINA NANCY HEAVENER, *Defendant-Appellant.* | Sara Darrow, *Judge.* |

**O R D E R**

Regina Nancy Heavener pleaded guilty to four counts of distributing and conspiring to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, for which she faced a statutory minimum of 120 months' imprisonment. *Id.* § 841(b)(1)(A). In the plea agreement and at the change-of-plea hearing, Heavener acknowledged that the court could not impose a sentence below this threshold unless the government, in its "sole discretion," made a motion under 18 U.S.C. § 3553(e) based on her substantial assistance. The government did not make such a motion at the sentencing hearing, which apparently surprised Heavener and her counsel. The district court sentenced Heavener to 120 months in prison on each of the four counts, to run concurrently. Although her plea agreement included a waiver of the right to appeal "any and all

issues related to this plea agreement and conviction" or any sentence below the statutory maximum (life imprisonment), Heavener appealed.

Heavener's attorney asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Heavener did not respond to counsel's submission, s*ee* CIR. R. 51(b), which explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because counsel's brief appears to be an adequate effort to determine whether Heavener has any non-frivolous grounds for appeal, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel considers whether Heavener could challenge the validity of her guilty plea—and thus, the validity of the appeal waiver in her plea agreement—but properly concludes that doing so would be frivolous. *See United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014). It is unclear whether counsel discussed with Heavener whether she wishes to challenge her guilty plea, as we require. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But we need not reject counsel's submission on this basis, for counsel has not identified any ground for challenging the voluntariness of the plea, and our own review of the record convinces us that none exists. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The district court engaged in the proper Rule 11 plea colloquy, during which it confirmed that Heavener understood the terms of the appellate waiver and ensured that she was pleading guilty of her own free will. *See* FED. R. CRIM. P. 11. Because the record demonstrates that Heavener knowingly and voluntarily pleaded guilty, and because the prison sentence does not exceed the statutory maximum, the near-total appeal waiver is enforceable. *See Gonzalez*, 765 F.3d at 741.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.