NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019
Decided October 23, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3669

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-20028-001 |
| KEITH HALLIBURTON, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Keith Halliburton conditionally pleaded guilty to possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), preserving the right to challenge the denial of his motion to suppress evidence. *See* FED. R. CRIM. P. 11(a)(2). In his plea agreement, he otherwise waived his right to appeal "any and all issues relating to [his] plea agreement and conviction and to the sentence," except the voluntariness of his guilty plea and the effectiveness of the assistance of counsel. Based on his prior drug-felony conviction, he received the statutory minimum sentence of 120 months in prison and 8 years' supervised release. *See* 21 U.S.C. § 841(b)(1)(B).

Halliburton appeals, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

Halliburton opposes counsel's motion. *See* CIR. R. 51(b). Because counsel's brief thoroughly addresses the issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses and Halliburton's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

The United States Postal Service intercepted two packages containing 19 pounds of marijuana addressed to "Lisa Lawis" at an address in Decatur, Illinois. Police officers obtained a judicial order permitting them to outfit the packages with GPS tracking devices and breakaway filaments to alert them when the packages were opened. Officers also obtained an anticipatory warrant allowing them to search any person who took control over the packages after delivery and any premises (including vehicles) to which the packages were brought. Various conditions had to be met before officers could execute the warrant, chiefly, delivery of the packages to "Lisa Lawis" or an adult accepting delivery on her behalf.

Police officers suspected that Halliburton was the intended recipient. They knew that he had paid a water bill at the delivery address within the past year, that he had been associated with another package containing marijuana two years earlier (the record does not explain the association), and that he was on federal supervised release for a drug felony. A detective had previously met with, and could identify, Halliburton, who was living near the delivery address at a halfway house.

A postal inspector dressed as a mail carrier left the packages at the delivery address after no one inside the residence responded. A short time later, officers observed Halliburton arrive in a silver Volkswagen and take both packages. They followed him as he drove across town, pulled into the driveway of another residence, placed the packages in a white Pontiac van parked there, and then drove away in the Volkswagen. A police detective pulled him over. After hearing *Miranda* warnings, Halliburton admitted that the packages were meant for him and that they contained marijuana. He was then taken back to the residence where the Pontiac was parked, and he gave another detective permission to search it. Using Halliburton's key to unlock the van, officers found the packages, more marijuana, and cocaine. Halliburton later confessed to possessing the cocaine and was charged with that offense.

Halliburton moved to suppress any evidence obtained as a result of the search. Although an evidentiary hearing was scheduled, the parties instead stipulated to the facts recounted above. A magistrate judge recommended denying the motion, and the district judge adopted that recommendation over Halliburton's objection. The district judge concluded that the search was proper because: (1) the conditions precedent to the

execution of the anticipatory search warrant had been met; and (2) even if not, the officers did not need a warrant because they had reasonable suspicion to stop Halliburton, and he validly consented to the search. Halliburton then conditionally pleaded guilty, and, after sentencing, appealed.

Counsel notes that, apart from the denial of the suppression motion, Halliburton waived his right to challenge anything but the voluntariness of his guilty plea and the effectiveness of his trial counsel's assistance. When a defendant knowingly and voluntarily waives his appellate rights in express and unambiguous terms, we will enforce the waiver. *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). Thus, "[a]n appeal waiver stands or falls with the underlying guilty plea." *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). Here, Halliburton does not dispute the knowing or voluntary nature of his guilty plea. As required, counsel consulted with Halliburton about the risks and benefits of challenging his plea and represents to us that Halliburton does not wish to withdraw it; counsel therefore appropriately refrains from discussing the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Because the guilty plea remains unchallenged, Halliburton's "clear and broad" waiver forecloses any appellate arguments he did not expressly preserve. *See Campbell*, 813 F.3d at 1018.

With respect to the denial of Halliburton's motion to suppress, counsel assumes that he could make a nonfrivolous argument that the anticipatory warrant's conditions precedent were not met, and therefore officers lacked authority to execute it. Halliburton raises this argument in his response to counsel's motion. But counsel correctly notes that when a district court announces two alternative holdings, an appellant must overcome both to prevail. *See Boogard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018); *United States v. Hatchett*, 245 F.3d 625, 644–45 (7th Cir. 2001). Therefore, counsel assesses whether it would be frivolous to argue that, although Halliburton consented to the search of the van, the officers lacked reasonable suspicion to stop him before he did so.

Counsel rightly concludes that this contention would be futile. To justify an investigatory stop, officers must have a reasonable suspicion, based on "specific and articulable facts," that an individual has committed a felony. *United States v. Ruiz*, 785 F.3d 1134, 1141 (7th Cir. 2015) (quoting *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968)). Here, officers not only witnessed Halliburton take the two packages that they knew contained marijuana, but they were also aware that he was associated with the delivery address and had a history of drug trafficking. *See United States v. Bullock*, 632 F.3d 1004, 1013–14 (7th Cir. 2011). Because there was reasonable suspicion to stop Halliburton, and he then

consented to the search, there is no need to address further Halliburton's argument that the warrant's conditions never materialized.

Halliburton also wishes to argue that the traffic stop was really a custodial arrest without probable cause because the detective immediately told him to get out of his car, placed him in handcuffs, and seated him in a police car. As counsel rightly notes, however, Halliburton waived this argument by stipulating that he was pulled over pursuant to an "investigatory stop," *see United States v. Lockwood*, 789 F.3d 773, 780 (7th Cir. 2015), and by not raising the argument before the district court, *see United States v. McMillian*, 786 F.3d 630, 635–36 (7th Cir. 2015). To the extent Halliburton contends that his trial lawyer's choice to stipulate was ineffective assistance, that claim would be best addressed through a collateral proceeding where Halliburton can develop the record. *See Massaro v. United States*, 538 U.S. 500, 505–06 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.