NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2020
Decided May 11, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2171

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 18-CR-40077-JPG |
| MICHAEL F. JONES, <br> *Defendant-Appellant.* | J. Phil Gilbert, <br> *Judge.* |

**O R D E R**

Michael Jones pleaded guilty to one count of conspiring to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, and four counts of distributing methamphetamine, *id.* § 841(a)(1). The district court sentenced him as a career offender, U.S.S.G. § 4B1.1(a), to a within-guidelines term of 262 months in prison and five years of supervised release. Although his plea agreement contained a broad appeal waiver, Jones filed a notice of appeal. His appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Jones has responded. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because counsel's analysis

appears thorough, we limit our review to the subjects she discusses, along with those Jones has identified in response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel states that she communicated with Jones and confirmed that he does not wish to withdraw his guilty plea, so she properly refrains from exploring the adequacy of the plea hearing or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel next considers whether Jones could challenge his career-offender status or his within-guidelines sentence, but rightly concludes that these arguments would be precluded by the appeal waiver in his plea agreement. In it, Jones expressly waived his right to "seek modification of, or contest any aspect of, the conviction or sentence in any proceeding," reserving only the right to appeal a sentence imposed above the guidelines as determined by the court and to bring a claim for ineffective assistance of counsel. Neither exception to the waiver applies here: Jones was sentenced within the guidelines range, and he states in his response that he wishes to challenge counsel's effectiveness in a collateral attack, not on direct appeal. Jones also proposes challenging his career-offender designation on the ground that two of his predicate offenses do not qualify as "controlled substance offenses" under § 4B1.1(a)(3), but that argument is foreclosed by the waiver. Because an appeal waiver "stands or falls with the guilty plea" (and as we noted, Jones does not wish to challenge his guilty plea), we must enforce the waiver here. *See United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.