**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2020
Decided May 19, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2100

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CR-116 |
| JAMES A. NICKELS, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

**O R D E R**

James Nickels bilked dozens of investors out of millions of dollars by making misrepresentations about the profitability of his business and perpetuating those misrepresentations by paying interest to investors using money from other investors. He pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1957(a) and one count of wire fraud in violation of 18 U.S.C. § 1343. His plea agreement included a broad appeal waiver. The district court sentenced him to 84 months' imprisonment and three years of supervised release and ordered him to pay $3,227,138 in restitution. Nickels filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Nickels has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this

kind might involve. Because her analysis appears thorough, we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In her brief, counsel states that she consulted with Nickels and confirmed that he does not wish to withdraw his guilty plea, so counsel properly omits discussion of any arguments related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Nickels could challenge his sentence but correctly concludes that his appeal waiver would foreclose any challenge. In his plea agreement, Nickels waived the right "to appeal his sentence," including the terms and length of any supervised release, and any fine, forfeiture order, or restitution order. An appeal waiver "stands or falls with the underlying guilty plea," and Nickels does not wish to challenge his plea, so his waiver would have to be enforced. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). Moreover, counsel rightly rejects any argument that an exception to the appeal waiver could apply. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). As counsel points out, Nickel's 84-month sentence fell within the statutory maximums of 10 years (the money laundering count) and 20 years (the wire fraud count), and the court did not consider any constitutionally impermissible factors at sentencing.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.