**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 23, 2020
Decided July 23, 2020

*Before*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-3016

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-40059 |
| JERRY A. GREEN, *Defendant-Appellant*. | James E. Shadid, *Judge*. |

**O R D E R**

Jerry Green pleaded guilty to possessing unregistered destructive devices (pipe bombs), 26 U.S.C. §§ 5841, 5845(a)(8), (f), 5861(d); possessing a firearm both in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), and after having been convicted of a felony, *id.* § 922(g)(1); and three counts of distributing methamphetamine, 21 U.S.C. § 841(a)(1). In the plea agreement, he waived "all rights to appeal … his conviction and sentence," reserving only the right to bring a claim of ineffective assistance of counsel. The district court sentenced him to an aggregate term of 340 months in prison followed by five years' supervised release.

Green filed a notice of appeal, but his attorney asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Green did not respond to counsel's submission, *see* CIR. R. 51(b), which explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel states that he asked Green whether he wishes to challenge his guilty plea, but Green has not responded. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Even so, counsel represents that there are no valid grounds for contesting the voluntariness of Green's guilty plea, and our own review of the record assures us that none exists. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). At the change-of-plea hearing, the district court substantially complied with Rule 11 in conducting the plea colloquy, during which it confirmed that Green understood the terms of the appeal waiver and ensured that he was pleading guilty of his own free will. *See* FED. R. CRIM. P. 11. Because we agree with counsel that Green cannot raise any non-frivolous challenges to the validity of his guilty plea, the broad appeal waiver in his plea agreement is enforceable. *See United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014); *Zitt*, 714 F.3d at 515.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.