**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020
Decided November 3, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1488

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:18-CR-00722(1) |
| MARIO PRICE, *Defendant-Appellant*. | Edmond E. Chang, *Judge*. |

**O R D E R**

While on supervised release for battering a police officer, Mario Price was caught with a loaded handgun. He pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to 48 months in prison minus time already spent in custody. *See* U.S.S.G. § 5K2.23. Price filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Price has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might involve. Because counsel's analysis

mostly appears thorough, we focus our review on the issues he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Price could challenge his guilty plea. But counsel does not tell us, as he should, that he consulted with Price and provided advice about the risks and benefits of challenging the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel's oversight is harmless, however, because we agree with counsel that any challenge to the guilty plea would be frivolous. Based on our review of the plea colloquy, we are satisfied that the district court conducted a plea colloquy that substantially complied with the requirements of Federal Rule of Criminal Procedure 11 to ensure that the plea was knowing and voluntary. We note that Price did not move in the district court to withdraw his guilty plea, so we would review his plea colloquy for plain error. *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020). During the colloquy, the court neglected to discuss forfeiture or a special assessment, *see* FED. R. CRIM. P. 11(b)(1)(J), (L), but this omission was harmless because Price was already aware of this information through the forfeiture and special-assessment provisions of his written plea agreement—provisions that he testified he had reviewed with counsel and understood. *See United States v. Adams*, 746 F.3d 734, 746–47 (7th Cir. 2014). Further, Price could not argue under *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), that the court failed to inform him of the government's burden to prove knowledge of his felon status because the court did in fact convey that information.

Next, counsel considers whether Price could challenge his plea on grounds that the court applied a sentencing guidelines range (46–57 months' imprisonment) higher than the range contemplated in the plea agreement (37–46 months). The discrepancy stemmed from two juvenile convictions not contemplated in the plea agreement that added three points—counsel mistakenly says one conviction adding two points—to Price's criminal-history computation, boosting his criminal-history category from IV to V. But counsel appropriately rejects raising this challenge as frivolous. Not only did the plea agreement specify that the guideline calculations were preliminary and non-binding, but Price assented at his change-of-plea hearing that any revision in the court's final calculations would not justify withdrawing the plea.

Counsel then considers whether Price could make any nonfrivolous challenge to his sentence and correctly concludes that he could not. As counsel explains, the district court properly calculated a 46–57 months' range based on an offense level of 17 and criminal history category of V. *See* U.S.S.G. § 5A. Price's 48-month sentence is within the

guidelines range, so we would presume it to be reasonable, *see United States v. Taylor*, 907 F.3d 1046, 1051 (7th Cir. 2018), and like counsel we see no basis in the record that might rebut that presumption. The court adequately considered the factors set forth in 18 U.S.C. § 3553(a), emphasizing the seriousness of the offense and the need for deterrence (Price's previous three-year sentence had not deterred him from carrying a loaded firearm on the streets of Chicago only three months after his release from prison), as well as Price's personal characteristics (having a difficult childhood and suffering from mental illnesses that likely contributed to some of his previous criminal behavior).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.