NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2021
Decided April 16, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2228

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:19CR73-001 |
| MARCUS POMPY, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

After Marcus Pompy pistol-whipped a victim, he pleaded guilty to one count of unlawful possession of a firearm as a felon, 18 U.S.C. § 922(g)(1), and was sentenced within the Guidelines to 57 months' imprisonment followed by two years' supervised release. Pompy's plea agreement contains a broad appellate waiver, but he filed a notice of appeal anyway. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Pompy did not respond to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might involve. Because the

analysis appears thorough, we limit our review to the potential arguments counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In her brief, counsel states that she consulted with Pompy and confirmed that he does not wish to withdraw his guilty plea, so counsel properly omits discussion of any argument related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Pompy could challenge his sentence and correctly concludes that his appellate waiver would foreclose any challenge. In his plea agreement, Pompy waived the right to contest his convictions or to appeal "all components" of his sentence and the "manner" in which his sentence was "determined or imposed." Because an appellate waiver "stands or falls with the underlying guilty plea," we must enforce his waiver. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). Moreover, counsel rightly rejects any argument that an exception to the appellate waiver could apply. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). As counsel explains, Pompy's 57-month sentence fell within the statutory maximum of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), his two-year supervised release term was within the statutory range, 18 U.S.C. § 3583(b)(2), and no evidence indicates that the court considered any constitutionally impermissible factors at sentencing.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.