In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2969

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHAD L. KONCZAK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 10-20087-001—**Michael P. McCuskey**, *Chief Judge.*

SUBMITTED APRIL 11, 2012—DECIDED APRIL 26, 2012

Before FLAUM, WOOD, and TINDER, *Circuit Judges.*

WOOD, *Circuit Judge.* Campus police officers at Lakeland Community College in Mattoon, Illinois, observed Chad Konczak using publicly available computer terminals to download sexually explicit photos of young girls. Konczak was arrested and pleaded guilty to accessing an Internet website for the purpose of viewing child pornography on that site, 18 U.S.C. § 2252A(a)(5)(b). The district court calculated an advisory guidelines im-

prisonment range of 41 to 51 months and sentenced Konczak to 45 months. Konczak has now filed a notice of appeal, but his appointed lawyer seeks to withdraw on the ground that all possible arguments are frivolous. See *Anders v. California*, 386 U.S. 738 (1967). Konczak opposes counsel's motion. See CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Konczak's response. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Konczak could challenge the adequacy of the plea colloquy or the voluntariness of his guilty plea. It is unclear, however, whether counsel has discussed a challenge to the plea with Konczak. In *United States v. Knox*, 287 F.3d 667 (7th Cir. 2002), we held that counsel "should not present (or even explore in an *Anders* submission) a Rule 11 argument unless they know *after consulting their clients, and providing advice about the risks*, that the defendant really wants to withdraw the guilty plea." *Id.* at 671 (emphasis added). Some of our nonprecedential orders might be read to indicate that the burden rests on the client to alert counsel about his desire to withdraw the plea, but that is not what *Knox* said (and those orders are expressly nonprecedential in any event). See, *e.g., United States v. Potts,* 2012 WL 562189 (7th Cir. Feb. 22, 2012); *United States v. Arguijo-Cervantes,* 2012 WL 475928 (7th Cir. Feb. 15, 2012); *United States v. Nuñez-Garcia,* 455 F. App'x 698 (7th Cir. 2012). *Knox* instructs counsel both to consult with the client and to provide advice about the risks and benefits of any proposed course of action. Only

if, after counsel has taken that step, the defendant confirms that he is not interested in withdrawing the plea, may counsel refrain from exploring possible arguments related to Rule 11.

As we noted, we cannot tell whether that process occurred in Konczak's case. Despite this omission, however, there is no need for us to reject the *Anders* submission and require counsel to undertake the necessary consultation. The information contained in counsel's brief and Konczak's response, coupled with our own review of the record, convince us that a challenge to the plea would be frivolous. Counsel has not identified any deficiency in the plea colloquy, and the transcript shows that the district court substantially complied with the requirements of Rule 11 and ensured that the plea was voluntary. See FED. R. CRIM. P. 11; *United States v. Bowlin*, 534 F.3d 654, 656-57 (7th Cir. 2008); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

Counsel next considers whether Konczak could challenge his prison sentence but properly concludes that such a challenge would be frivolous. As counsel notes, we presume that a within-guidelines sentence is reasonable, see *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and counsel has not been able to identify any reason to disregard that presumption. The district court properly applied the sentencing factors in 18 U.S.C. § 3553(a), in particular noting as a mitigating factor that Konczak had not downloaded images of children engaged in sexual activity with other persons, or images

that were sadistic. But the court concluded that a sentence within the guidelines range was appropriate to provide just punishment and protect the public from further crimes.

In his Rule 51(b) response Konczak asserts that the district court failed to acknowledge that much of what he viewed on the Internet was not illegal. During his allocution Konczak explained that he had begun by looking at modeling websites featuring children who were clothed, and only during the year before his arrest did he view and download child pornography. Yet the judge said nothing at sentencing suggesting that he did not believe that Konczak had visited legal sites before indulging his interest in child pornography, nor did the judge say that Konczak should be penalized for viewing legal sites. Instead, when Konczak emphasized that he was viewing clothed models before turning to child pornography—his statements imply that the modeling sites drew him to child pornography—the court clarified that Konczak was not denying that he downloaded child pornography at Lakeland Community College. Those images were the only ones recovered by the government and the sole basis for the prosecution and calculation of the guidelines range. Thus, an argument that Konczak's sentence was influenced by confusing lawfully accessed images with child pornography would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.