**628**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony CARRIOLA, Defendant–
Appellant.**

**Nos. 12–2794, 12–2796.**

United States Court of Appeals,
Seventh Circuit.

Submitted and Decided Dec. 20, 2012.

Rita M. Rumbelow, Attorney, Office of
the United States Attorney, Madison, WI,
for Plaintiff-Appellee.

Michael W. Lieberman, Assistant Feder-
al Public Defender, Julie K. Linnen, Attor-
ney, Federal Defender Services, Madison,
WI, for Defendant-Appellant.

Anthony Carriola, Pekin, IL, pro se.

Before WILLIAM J. BAUER, Circuit
Judge JOEL M. FLAUM, Circuit Judge
KENNETH F. RIPPLE, Circuit Judge.

**ORDER**

Anthony Carriola was charged in the
Western District of Wisconsin with ob-
structing commerce by robbing a pharma-
cy, *see* 18 U.S.C. § 1951, and brandishing a
firearm during that crime, *see id.* § 924(c).
He also was charged in the Southern Dis-
trict of Indiana with obstructing commerce
by robbing another drugstore a month be-
fore the Wisconsin robbery. Carriola
brandished a handgun during the Indiana
holdup as well, and in both robberies he
departed with morphine after physically
assaulting a pharmacist. After consenting
to the transfer of his Indiana case to Wis-

consin, *see* FED.R.CRIM.P. 20(a), Carriola
pleaded guilty to all three crimes. On the
§ 1951 counts the district court sentenced
him below the guidelines imprisonment
range to a total of 60 months. The court
imposed a consecutive term of 84 months
on the gun count, the statutory minimum.
*See* 18 U.S.C. § 924(c)(1)(A)(ii).

Carriola filed a notice of appeal from
each prosecution, but his appointed lawyer
asserts that the appeals are frivolous and
moves to withdraw under *Anders v. Cali-
fornia,* 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967). Carriola has not re-
sponded to his lawyer's submission. *See*
CIR. R. 51(b). He did tell counsel not to
challenge his guilty pleas, and thus the
lawyer properly omits from his *Anders*
brief any discussion about the plea collo-
quy or the voluntariness of Carriola's
guilty pleas. *See United States v. Konc-
zak,* 683 F.3d 348, 349 (7th Cir.2012);
*United States v. Knox,* 287 F.3d 667, 670–
71 (7th Cir.2002).

Counsel has not identified any basis to
challenge the district court's application of
the sentencing guidelines, which the court
adopted from the presentence report with-
out objection. Counsel does question
whether Carriola could challenge his over-
all prison term as unreasonably high, but
the total sentence is below the guidelines
range and presumed reasonable. *See
United States v. Klug,* 670 F.3d 797, 800
(7th Cir.2012); *United States v. Martinez,*
650 F.3d 667, 673 (7th Cir.2011). Counsel
has not identified any ground to rebut this
presumption, nor can we. In determining
Carriola's sentence, the district court eval-
uated the factors listed in 18 U.S.C.
§ 3553(a), including Carriola's difficult
childhood, his addiction to opiates, and the
violent nature of the robberies. Thus a
reasonableness challenge would be frivo-
lous.

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeals.