┌─────────────────────────────────────────────┐
│          **NONPRECEDENTIAL DISPOSITION**        │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2018
Decided March 23, 2018

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2359

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 16-CR-30047-NJR-01 |
| MICHAEL LEMONS,<br>*Defendant-Appellant*. | Nancy J. Rosenstengel,<br>*Judge*. |

## O R D E R

Carrying out a search warrant, police found 20 grams of methamphetamine in Michael Lemons's house. Lemons later pleaded guilty to possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a). He told investigators that he sold between 200 and 400 grams of the drug, 60% of which was crystal methamphetamine, also known as "ice." A probation officer prepared a presentence report and calculated a Sentencing Guidelines range of 108 to 135 months' imprisonment based on a total offense level of 31 and a criminal history category of I. *See* U.S.S.G. ch. 5 pt. A. The district judge adopted the findings in the report and sentenced Lemons to the bottom of the range, 108 months in prison, and three years of supervised release. Lemons filed a notice of appeal, but his appointed attorney tells us that the appeal is frivolous and

moves to withdraw. *See Anders v. Cal.*, 386 U.S. 738 (1967). Lemons has not responded to that motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. The analysis appears thorough, so we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel advises us that, because his client "expressed no desire to challenge his plea of guilty," he does not discuss any potential challenge to the plea. An appellate lawyer need not discuss a potential plea challenge if, after the lawyer has informed the client of the risks and benefits of challenging the plea, the client says that he does not want to withdraw it. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But counsel has not told us whether he so advised Lemons. Still, we may evaluate the *Anders* submission if, after reviewing the record of the plea colloquy, we are convinced that challenging the plea would be frivolous. *See id.*

And indeed a challenge to the plea would be pointless because the district judge substantially complied with Rule 11 of the Federal Rules of Criminal Procedure and ensured that the plea was voluntary. The judge properly informed Lemons of the nature of the charge, the possible penalties, the trial rights that he was forgoing, and the role of the sentencing guidelines. FED. R. CRIM. P. 11(b). She also determined that the plea was supported by an adequate factual basis and that it was not the result of force, threats, or promises. *See id.*

Counsel considers, but rightly rejects, challenging the Guidelines range on the ground that the judge wrongly determined the relevant quantity of drugs. We would review the judge's estimate for clear error. *See United States v. Acosta*, 534 F.3d 574, 582 (7th Cir. 2008). Lemons sold between 200 and 400 grams of methamphetamine, 60% of which was ice, and police found another 20 grams of ice at his house. The judge properly determined that Lemons sold the equivalent of at least 3,000 kilograms of marijuana. She started with Lemons's concession of a minimum of 200 grams of sales. Because 60% of the sales were of ice, Lemons sold 120 grams of ice and 80 grams of methamphetamine. Multiplying these figures by their marijuana equivalences of 20 kilograms and 2 kilograms, U.S.S.G. § 2D1.1 cmt. n.8(D), and adding the products together yields 2,560 kilograms of marijuana equivalence. Finally, adding the 20 grams of ice found in Lemons's house multiplied by their 20 kilograms of marijuana equivalence yields a total of 2,960 kilograms of marijuana equivalence. Thus 3,000 kilograms was a reasonable approximation, even if a slightly more conservative estimate was available. *See United States v. Krasinski*, 545 F.3d 546, 552–553, (7th Cir.

2008). Indeed the judge permissibly could have estimated an even larger quantity based on the average of the defendant's stated range of sales. *See id.* at 553. Thus a challenge to the total drug weight would be frivolous.

Counsel next considers attacking the judge's guidelines calculations but correctly concludes an attack would be frivolous. The drug quantity of 3,000 kilograms of marijuana produces a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4). There is no plain error in the court's decision to apply a two-level increase for maintaining a premises for the purpose of distributing a controlled substance. *See* U.S.S.G. § 2D1.1(b)(12); *United States v. Winfield*, 846 F.3d 241, 243 (7th Cir. 2017). Drugs and drug paraphernalia were found in more than a dozen locations throughout the defendant's home. He conducted at least three controlled buys out of the residence, and he conceded in his presentence report that, "[a]lthough distribution of controlled substances was not the sole purpose of the property, it was a primary/principal use." *See* U.S.S.G. § 2D1.1(b)(12), cmt. n. 17 ("[D]istributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises."). The judge then properly subtracted three levels because Lemons accepted responsibility, U.S.S.G. § 3E1.1, and therefore correctly arrived at a total offense level of 31.

Last, counsel considers challenging the reasonableness of Lemons's sentence. The bottom-end Guidelines sentence of 108 months' imprisonment is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Nothing rebuts that presumption. Before imposing that term, the district judge sensibly balanced the factors in 18 U.S.C. § 3553(a). She found some in his favor, including the support his family showed him at the hearing, his age (he was 52 years old at sentencing), his military service, and his graduation from high school. But she also highlighted his history of drug abuse and crime. The judge then evaluated and permissibly rejected Lemons's principal arguments for leniency. First Lemons said that he was assaulted while in a state-run jail for a related offense; the judge replied that he could pursue a civil remedy. Second Lemons argued that, if he had been prosecuted in state court after a traffic stop revealed drugs in his car, he may not have sold more drugs later. And, he continued, prosecutors may have offered him a reduced sentence if he had not lied to them during a proffer (an act for which he blames his counsel). The judge replied that continuing to sell drugs and lying were "in [his] hands." She then fashioned a sentence to reflect the seriousness of the offense, allow for "needed substance abuse treatment," deter criminal

conduct, provide just punishment, and protect the public. Under these circumstances, it would be frivolous to challenge the reasonableness of the sentence.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.