NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019
Decided November 5, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1293

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:17CR00094-001 |
| BRIAN GIMELSON, | |
| *Defendant-Appellant*. | Tanya Walton Pratt, |
| | *Judge*. |

**O R D E R**

After Brian Gimelson, an investment banker, created and used a limited liability corporation in his wife's name to sell Caravaggio's painting *David with the Head of Goliath*, he pleaded guilty to two counts of attempting to evade or defeat taxes in violation of 26 U.S.C. § 7201. The district court sentenced him to 18 months' imprisonment plus restitution. Gimelson appeals, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Gimelson did not respond to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that we might expect an appeal of this kind to involve. Because the analysis appears thorough, we limit our

review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel tells us that she consulted Gimelson and that he does not wish to challenge his guilty plea. Thus, counsel properly avoids discussing the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel considers whether Gimelson could challenge his sentence procedurally and correctly concludes that he could not. The district court accurately calculated a base offense level of 18 because the undisputed tax loss was $432,456 (more than $250,000 but less than $550,000). *See* U.S.S.G. § 2T1.1. The offense level stayed at 18 after a two-point increase for sophisticated means and a two-point decrease for accepting responsibility. Counsel explores whether Gimelson could contest the two-level sophisticated means enhancement, which the court imposed because Gimelson created a corporation, named his wife as its only manager, and ran it himself to sell the painting. The court found that Gimelson used this "fake corporation" for the "sole" purpose of evading taxes, a finding that it relied on to justify the sophisticated-means enhancement. *See United States v. O'Doherty*, 643 F.3d 209, 220 (7th Cir. 2011).

We review for clear error the finding that a defendant used sophisticated means to evade taxes, *United States v. Redman*, 887 F.3d 789, 792 (7th Cir. 2018), and the record contains no reasonable basis for arguing clear error in Gimelson's case. At sentencing, counsel observed that Gimelson's name appeared on sales documents and transactions were traceable to him; therefore, counsel argued, Gimelson's means could not have been sophisticated, despite his deceptive use of a corporation. But the sophisticated-means enhancement "does not require a brilliant scheme, just one that displays a greater level of planning or concealment than the usual tax evasion case." *United States v. Fife*, 471 F.3d 750, 754 (7th Cir. 2006). Because Gimelson's plan included using the "corporation[] to avoid the direct reporting of income in his name," the enhancement was proper and not clearly erroneous. *O'Doherty*, 643 F.3d at 220. The final offense level of 18, combined with an agreed criminal history category of I, thus yielded an unassailable guidelines range of 27 to 33 months.

Because the 18-month sentence is below the guidelines range, we presume that it is substantively reasonable. *See United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010). Counsel does not identify any reason to challenge that presumption here, and we discern none. The district court reasonably weighed the sentencing factors in 18 U.S.C. § 3553(a) by assessing the nature of the crime (Gimelson's "greed" and knowledge that "he was breaking the law"); his characteristics ("a board member of Big

Brothers for 10 years" and his care for his family in light of "the extraordinary . . . circumstances surrounding his wife's and his child's special needs"); and the need to promote respect for the law ("don't go out and create fake corporations and intentionally not pay your taxes"). *See United States v. Annoreno*, 713 F.3d 352, 357 (7th Cir. 2013). Thus, an attack on the substantive reasonableness of the sentence would be pointless.

        Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.