NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2019
Decided November 25, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 18-3661

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 1:18-cr-10020-JES-JEH-1 |
| PETE E. TAYLOR, <br> *Defendant-Appellant.* | James E. Shadid, <br> *Judge.* |

**O R D E R**

Pete Taylor, a federal inmate, pleaded guilty to possessing a contraband weapon, 18 U.S.C. § 1791 (a)(2), (d)(1)(B), and a prohibited object (six grams of an unidentified green, leafy substance in a package labeled "Next Generation Herbal Potpourri"). 18 U.S.C. § 1791 (a)(2), (d)(1)(G). He was sentenced to 27 months' imprisonment on the first count to run concurrently with six months' imprisonment on the second. Taylor appealed, but his lawyer now moves to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to raise. Because the analysis appears thorough, we limit our review to those issues. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first explores whether Taylor could challenge his guilty plea. She acknowledges our directive in cases such as *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), and *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), that counsel consult with the client about the risks and benefits of a challenge to the plea, but says she has been "unable to determine" whether Taylor wishes to challenge his plea on appeal. It is unclear from that characterization whether any consultation occurred but, regardless, counsel's brief and the record make clear that any challenge to Taylor's plea would be fruitless. *See Konczak*, 683 F.3d at 349.

When accepting Taylor's guilty plea, the district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11. Counsel notes a few omissions from the colloquy and correctly concludes that they were harmless. First, the court did not explain the penalty for perjury once Taylor's oath was sworn, *see* FED R. CRIM. P. 11 (b)(1)(A), but that omission was harmless because the government has not initiated proceedings for perjury against Taylor. *See United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). The court also did not inform Taylor of its authority to impose restitution or enter a forfeiture, *see* FED R. CRIM. P. 11 (b)(1)(J), (K), but the court did not exercise such authority, so those omissions were harmless. And although the court did not apprise Taylor of the right to appeal and collaterally attack his sentence upon entry of a plea agreement, *see* FED R. CRIM. P. 11(b)(1)(N), that omission was also harmless because Taylor had no plea agreement—he entered an open plea at a change-of-plea hearing. *See United States v. Adams*, 746 F.3d 734, 746 (7th Cir. 2014).

Counsel next considers—and rightly rejects—a potential challenge to the district court's calculation of the guidelines range. The court properly calculated a guidelines range of 27 to 33 months on the first count, and six months on the second, based on a criminal history category of VI and a total offense level of 11 (a base offense level of 13 plus a two-level reduction for acceptance of responsibility). *See* U.S.S.G. § 2P1.2(a)(2), 3E1.1(a).

Last, counsel considers whether Taylor could challenge his sentence as substantively unreasonable, but properly concludes that such a challenge would be frivolous. Taylor's sentence was within the applicable guidelines range, and we presume that a within-range sentence is reasonable. *See United States v. Cunningham*, 883 F.3d 690, 701 (7th Cir. 2018). Nothing in the record rebuts that presumption. And the court explained the sentence with reference to the sentencing factors under 18 U.S.C. § 3553(a), considering, among other things, the seriousness of the offense and the

importance of deterring those already incarcerated from possessing prohibited items—"the safety of correctional staff and other inmates is paramount in a prison." *See* 18 U.S.C. § 3553(a)(1), (2).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.