NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2020
Decided May 19, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2721

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18CR00184-001 |
| TROY S. RICHTER, *Defendant-Appellant.* | James R. Sweeney II, *Judge.* |

## O R D E R

Troy Richter pleaded guilty to one count of traveling with the intent to engage in illicit sexual conduct, 18 U.S.C. § 2423(b), three counts of sexual exploitation of a child, *id.* § 2251(a), and one count of possession of child pornography, *id.* § 2252A(a)(5)(B). The district court sentenced him, then 38 years old, to 30 years' imprisonment to be followed by 10 years' supervision. Richter filed a notice of appeal, but his lawyer asserts that the appeal is frivolous and seeks to withdraw from representation. *See Anders v. California*, 386 U.S. 738 (1967). Richter has not responded to this motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that this kind of appeal might involve. The analysis in counsel's brief appears thorough, so we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel informs us that she consulted with Richter and that Richter does not wish to challenge his guilty plea. Accordingly, counsel properly avoids discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel first considers whether Richter might challenge his sentence on procedural grounds but correctly concludes that such a challenge would be frivolous. A district court commits procedural error by improperly calculating the guidelines range or by treating the guidelines as mandatory. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Here, we would not conclude that the court miscalculated the guidelines range. As counsel explains, the court accurately calculated an offense level of 43 (including several enhancements) and a criminal history category of I, yielding a guidelines range of life imprisonment, and Richter did not object to these calculations. Counsel also appropriately points to the court's statements at the sentencing hearing acknowledging that the guidelines were advisory.

Counsel next explores challenging the substantive reasonableness of Richter's sentence and properly concludes that doing so would be frivolous. A below-guidelines sentence, like the one here, is "'presumptively reasonable against an attack by a defendant claiming that the sentence is too high.'" *United States v. Dewitt*, 943 F.3d 1092, 1098 (7th Cir. 2019) (quoting *United States v. Solomon*, 892 F.3d 273, 278 (7th Cir. 2018)). Counsel identifies no reason to disturb that presumption, nor do we see one. The district court appropriately considered the factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses (of a "heinous" nature, in that one of the minor victims was Richter's niece), Richter's personal history and characteristics (economic and fertility problems, and alcohol addiction), as well as the need for the sentence to deter criminal conduct (Richter had possessed child pornography for a decade) and avoid unwarranted sentence disparities (his conduct was "less egregious" than that of other defendants convicted of similar charges).

We GRANT counsel's motion to withdraw and DISMISS the appeal.