NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2021
Decided May 18, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2307

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:19CR16-001 |
| BRYANT PORTER, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Bryant Porter and his coconspirators sold crack (base) and powder cocaine to undercover agents. Police then searched Porter's home where they turned up more cocaine, $30,000 in cash, scales, packaging materials, and multiple firearms. After reaching an agreement with the government that included a waiver of his appellate rights, Porter pleaded guilty to distributing cocaine base, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). The district judge sentenced Porter to 168 months in prison, the low end of the Sentencing Guidelines range, and three years of supervised release. Porter appealed, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Though we notified Porter of his rights,

he has not responded to counsel's motion. *See* 7TH CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might involve. Because her analysis appears thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel states that she consulted with Porter and confirmed that he does not wish to withdraw his guilty plea—rather, he wants to challenge the adjustments to his Guidelines range for his leadership role, U.S.S.G. § 3B1.1(c), and for maintaining a drug premises, *id.* § 2D1.1(b)(12). Therefore, counsel properly declines to assess arguments about the validity of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Porter could challenge his sentence, including the two enhancements that he identified, and correctly concludes that the appeal waiver bars him from doing so. In his plea agreement, Porter waived the right to appeal his "conviction and all components of [his] sentence" or the manner in which his sentence "was determined or imposed" on any ground other than ineffective assistance of counsel. This broad appeal waiver includes challenges to his Guidelines range. And because an appeal waiver "stands or falls with the underlying guilty plea" and Porter does not wish to challenge his plea, the waiver would have to be enforced. *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). Moreover, counsel rightly rejects any argument that an exception to the enforceability of the appeal waiver could apply. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). Porter's 108-month and 60-month sentences fall below the respective statutory maximums of 20 years (the drug count) and life (the firearm count), and the judge did not consider any constitutionally impermissible factors at sentencing. *See United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). So any argument not expressly reserved is barred by the appeal waiver.

As for the sole issue excluded from the waiver—a potential claim of ineffective assistance of counsel—any such claim is best reserved for collateral review where a record can be developed. *See United States v. Flores*, 739 F.3d 337, 341–42 (7th Cir. 2014).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.