NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 16, 2021
Decided July 19, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

Nos. 20-2513 & 20-2514

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | Nos. 1:18CR00278-001 & 1:19CR00006-001 |
| CARLOS INGRAM, *Defendant-Appellant*. | Sarah Evans Barker, *Judge*. |

## O R D E R

Carlos Ingram pleaded guilty to three charges raised in two criminal cases: possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1) (in 1:18CR00278-001), and possessing with intent to distribute fentanyl and methamphetamine, 21 U.S.C. § 841(a)(1) (in 1:19CR00006-001). In a plea agreement entered in both cases under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated that Ingram's total prison sentence should fall between 68 to 74 months. The district court accepted the agreement and sentenced Ingram to 72 months in prison. Although his plea agreement also included a broad appeal waiver, Ingram has filed notices of appeal in both cases, which we consolidated. His counsel asserts that the appeal is frivolous

and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Ingram did not respond to the motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the cases and addresses potential issues that an appeal of this kind would be expected to involve. Because his analysis appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel confirmed that Ingram wishes to withdraw his guilty pleas, but we agree with counsel that any potential argument that the pleas were not knowing and voluntary would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Because Ingram did not move to withdraw his guilty pleas in the district court, our review of the plea colloquy would be for plain error. *See United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020). Counsel notes that the district court did not perfectly comply with Rule 11, but as we are about to discuss, he correctly concludes that any deviations were inconsequential and thus not plain error.

The following deviations occurred. First, the court did not explain the possible penalties for one drug count, the special assessments on all counts, and the process for calculating the sentence. *See* Rule 11(b)(1)(H), (I), (L), (M). But these omissions were harmless because Ingram confirmed that he understood the written plea agreement, which contained the omitted information. *See United States v. Adams*, 746 F.3d 734, 746–47 (7th Cir. 2014). Second, the court did not discuss restitution, *see* Rule 11(b)(1)(K), but it also ordered no restitution, so that error was harmless as well. Finally, the court did not advise Ingram that any false statement he made under oath could be used in a prosecution for perjury, *see* Rule 11(b)(1)(A). But the district court did not place Ingram under oath (and was not required to), and there is no anticipated perjury prosecution, so any error was harmless. *See United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Besides those harmless omissions, the court complied with Rule 11, so any plain-error challenge to the validity of Ingram's guilty pleas would be pointless.

Because Ingram's guilty pleas are valid, counsel rightly concludes that, in light of Ingram's broad appeal waiver, any challenge to his sentence would be frivolous. A waiver of appellate rights stands or falls with the guilty plea. *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010). And, in his valid plea agreement, Ingram "expressly waive[d] [his] right to appeal the conviction and sentence imposed in this case on any ground." Counsel correctly notes that we might still disregard an appeal waiver if the sentence exceeds the statutory-maximum penalty or is based on constitutionally impermissible criteria, but those issues are not present here: Ingram's total sentence of 72 months in prison falls below the statutory maximums for his crimes (up to 10 years

under 18 U.S.C. § 924(a)(2), up to 20 years under 21 U.S.C. § 841(b)(1)(C), and up to 40 years under 21 U.S.C. § 841(b)(1)(B)), and the court made no mention of impermissible factors. *See United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeals.