NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2021
Decided October 26, 2021

***Before***

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-3262

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19CR00029-002 |
| TERRENCE STUM, *Defendant-Appellant*. | James R. Sweeney II, *Judge*. |

**O R D E R**

Terrence Stum was among 24 defendants charged with participating in a massive conspiracy to distribute heroin, cocaine, and methamphetamine in Indianapolis, Indiana. 21 U.S.C. §§ 841(a)(1), 846. He pleaded guilty and was sentenced to 262 months' imprisonment. Although his plea agreement contains a broad appeal waiver, Stum filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because his analysis appears thorough, and Stum has not

responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

After Stum entered into a written plea agreement, the district court held a hearing and reviewed the agreement in detail with Stum. Stum was concerned that his criminal history category for purposes of sentencing might be higher than the parties had estimated, and the district court informed Stum that he would not have a right to withdraw his plea if the criminal history was different. Stum expressed his understanding, and after a full colloquy, the district court accepted his guilty plea.

After a presentence investigation report was prepared, Stum moved to withdraw his guilty plea. Stum argued that he had developmental issues that precluded him from understanding the complexity of the offense (though the issues did not render him incompetent for a trial) and that he was not involved with the sale of methamphetamine (though the factual basis for his plea covered Stum's distribution of methamphetamine). He also noted the criminal history category was higher than expected. (Another conviction came to light during the preparation of the presentence investigation report.) After holding a hearing, the district court denied the motion to withdraw. It concluded that Stum understood the plea agreement when he entered it, as demonstrated by his under-oath statements, and that he was not entitled to withdraw his plea based on his bare denial of personal involvement with methamphetamine or the underestimation of his criminal history category in the plea agreement. The court ultimately sentenced Stum to 262 months' imprisonment (the bottom of the range under the Sentencing Guidelines), five years' supervised release, a $2,500 fine, and the forfeiture of cash and multiple weapons.

Counsel tells us that he consulted with Stum and confirmed that Stum does not wish to challenge his guilty plea, so counsel had no cause for discussing whether the plea was knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). To the extent that counsel discusses the plea colloquy anyway, we agree that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure and ensured that the plea was entered knowingly and voluntarily. Further, as counsel explains, the denial of the motion to withdraw that plea is not subject to attack on appeal if the appeal waiver, which bars any challenge to the conviction, is enforceable. *See United States v. McGuire*, 796 F.3d 712, 715 (7th Cir. 2015).

On that subject, counsel concludes the appeal waiver is enforceable and, therefore, forecloses any possible challenge to the conviction. We agree. "[A]n appeal

waiver stands or falls with the underlying agreement and plea," *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020), and here, Stum neither wishes to, nor has grounds to, withdraw his plea. Counsel also correctly rejects any argument that an exception to the appeal waiver could apply. *See id.* Specifically, Stum's 262-month prison sentence is less than the statutory maximum of life, and the court did not consider any constitutionally impermissible factors at sentencing. Therefore, the waiver must be enforced.

As counsel concludes, this also bars any sentencing challenge. In his plea agreement, Stum "expressly waive[d] [his] right to appeal the sentence imposed in this case on any ground," provided that he received a sentence within or below the guidelines range calculated by the district court. Stum's 262-month sentence fell at the bottom of the 262-to-327-month range, so the waiver precludes any appellate argument. The same is true of the term and conditions of supervised release, the fine, and the forfeiture, because the appeal waiver extends to "all provisions" of the sentence.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.