NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021
Decided November 23, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1199

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:20CR78-001 |
| JERRY BLEDSON, <br> *Defendant-Appellant.* | Philip P. Simon, <br> *Judge.* |

## O R D E R

Jerry Bledson pleaded guilty to extortion, 18 U.S.C. § 875(b), after he and his girlfriend faked her kidnapping to obtain a ransom for her release. He was sentenced to 84 months in prison with 2 years' supervised release. Although his plea agreement contained a broad appeal waiver, Bledson filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because his

analysis appears thorough, and Bledson has not responded to counsel's motion, see CIR. R. 51(b), we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel tells us that he conferred with Bledson about the conviction and that Bledson "did not tell [him] to forgo a challenge to it." We accept that counsel interpreted this as a statement that his client wished to challenge the guilty plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But we agree with counsel that any argument about the voluntariness of the plea would be frivolous. The transcript of the plea colloquy confirms that the district judge accepted Bledson's guilty plea only after substantially complying with Rule 11 of the Federal Rules of Criminal Procedure. See *id*. The judge determined that Bledson understood the charges against him, the trial and appeal rights that he was waiving, the maximum penalties for his offense, and the role of the sentencing guidelines. See FED. R. CRIM. P. 11(b)(1). The judge further ensured that Bledson's plea was supported by an adequate factual basis and was made voluntarily. See FED. R. CRIM. P. 11(b)(2)–(3).

Counsel considers whether Bledson could attack his sentence but rightly concludes that his appeal waiver would foreclose any challenge. An appeal waiver stands or falls with the underlying guilty plea. *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020). And, in his plea agreement, Bledson "expressly waive[d] [his] right to appeal or to contest [his] conviction and all components of [his] sentence or the manner in which [his] conviction or [his] sentence was determined or imposed, to any Court on any ground … ." Further, counsel correctly rejects any argument that an exception to the appeal waiver could apply. See *id*. Bledson's 84-month sentence was less than the 20-year statutory maximum sentence that he faced, see § 875(b), and the judge did not consider any constitutionally impermissible factors at sentencing.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.