NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021
Decided November 23, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1948

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 20-CR-30081-NJR-01 |
| DARIUS J. LOVE, *Defendant-Appellant.* | Nancy J. Rosenstengel, *Chief Judge.* |

**O R D E R**

Darius Love pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to 120 months' imprisonment and three years' supervised release. Love appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. Cal.*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and discusses the potential issues that an appeal like this would be expected to involve. Because his analysis appears thorough, and Love has not responded to the motion, *see* CIR. R. 51(b), we limit our review to the potential issues he identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel informs us that he consulted with his client and confirmed that Love wishes to challenge only his sentence, not the validity of his guilty plea. Counsel thus properly refrains from exploring the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel considers whether Love could raise a nonfrivolous challenge to his sentence but rightly concludes that he could not. The district court correctly calculated a sentencing range of 130 to 162 months (based on an offense level of 27 and criminal-history category of VI) but that range was capped by the statutory maximum of 120 months. *See* 18 U.S.C. § 924(a); U.S.S.G. § 5G1.1(a). The offense level reflects a base of 24, based on Love's prior convictions for delivery of controlled substances and delivery of heroin, *see* U.S.S.G. § 2K2.1(a)(2); plus two levels because the offense involved three firearms, *see* U.S.S.G. § 2K2.1(b)(1)(A); plus four levels because Love possessed the firearms in connection with another felony offense, drug possession with intent to deliver, *see* U.S.S.G. § 2K2.1(b)(6)(B); minus three levels for Love's acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a)–(b).

We also agree with counsel that any challenge to Love's sentence as substantively unreasonable would be futile. The sentence falls within the guideline range, so we may presume it to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020), and like counsel, we see no basis in the record that might rebut that presumption. The court appropriately weighed the sentencing factors under 18 U.S.C. § 3553(a), highlighting the nature of the offense ("a very serious case … that someone who's on state parole would be in possession of three firearms and be selling drugs"); Love's criminal history ("remarkable" both in the number of points and his failure to comply with conditions of release); and the need for deterrence ("a big factor," given Love's recidivism). The district court also considered mitigating factors, including the trauma Love confronted early in life.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.