NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022
Decided February 14, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1020

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:19-cr-00136 |
| JOHN GATES, *Defendant-Appellant*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

Indicted for his involvement in a drug distribution ring, John Gates pleaded guilty to attempting to possess methamphetamine with intent to distribute it. *See* 21 U.S.C. §§ 841, 846. The district court sentenced him to five years' incarceration, below the 20-year statutory maximum, and four years' supervised release. Gates appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and the issues that an appeal of this kind would be expected to involve. Because his analysis appears thorough, and Gates has not raised other potential issues, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

While investigating a methamphetamine distribution ring in Wisconsin, law enforcement officers intercepted phone calls and text messages between Lisa Xiong, the leader of the ring, and Gates. On one occasion, Xiong offered to sell Gates a quarter of a pound of methamphetamine, then visited his home the next day. On several other occasions, Xiong asked Gates for $1,000 or $2,000 to purchase methamphetamine from her source in Minnesota; one of these times, Gates confirmed that he had people lined up to buy the drugs. Nothing in the record definitively shows that Gates gave her this money. Finally, on June 11, 2019, Xiong sent a text message telling Gates that she needed "at least a stack," or $1,000, because she was with the "big boss" in Minnesota and "coming home with something big." She told Gates to be ready with cash when she arrived at his home, but she was arrested on her way there with one pound of methamphetamine in her car. In total, the presentence investigation report attributed to Gates over two pounds of the methamphetamine Xiong purchased between May and June 2019.

At his combined change-of-plea and sentencing hearing, Gates raised two objections to the calculation of his range under the Sentencing Guidelines in the presentence investigation report. He first objected to his criminal history category of III, arguing that two prior convictions for methamphetamine possession should not be counted because they fell within the scope of his relevant conduct for the present offense. *See* U.S.S.G. §§ 4A1.2(a), 1B1.3. The court overruled his objection because it found that the convictions related to the possession, not distribution, of methamphetamine and did not involve the same participants as the instant conspiracy. Gates also objected to the inclusion in the drug quantity calculation of a pound of methamphetamine from one of the transactions because he purchased only four ounces on that occasion. The court overruled his objection, finding that Xiong's purchase of an entire pound as part of the joint scheme was foreseeable. The court then sentenced Gates to 5 years in prison, below the guidelines range of 87 to 108 months, *see* U.S.S.G. § 5G1.3, and 4 years of supervised release, above the guidelines term of 3 years, *see* U.S.S.G. § 5D1.2(c).

Counsel states that Gates "has not expressed interest in withdrawing his guilty plea" but does not tell us, as he should have, that Gates made an informed decision after counsel consulted with him about the risks and benefits of challenging the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The omission is harmless, however, because Gates could not raise any nonfrivolous argument about the voluntariness of his plea. *See id.* He did not move to withdraw his guilty plea in the

district court, so we would review any appellate challenge for plain error. *See United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020). And because the district court complied with the requirements of Federal Rule of Criminal Procedure 11 during the plea colloquy, any challenge on these grounds would be frivolous. The court ensured that Gates understood the charges against him, the trial rights he was waiving, the maximum penalties for his offense, and the role of the Sentencing Guidelines. *See* FED. R. CRIM. P. 11(b)(1). The court further determined that Gates's plea was supported by an adequate factual basis and was made voluntarily. *See* FED. R. CRIM. P. 11(b)(2)–(3).

Counsel first considers whether Gates could challenge his sentence as procedurally unsound and rightly concludes that he could not. The district court overruled both of Gates's objections to the calculation of his guidelines range because of its factual findings about the scope of his offense. Although we review asserted procedural errors *de novo*, we would review those factual findings for clear error. *United States v. Jarigese*, 999 F.3d 464, 471 (7th Cir. 2021).

To start, Gates could not raise any nonfrivolous argument about his criminal history category. He received points for his two prior drug-possession convictions based on the court's determination that they did not fall within the scope of the relevant conduct for the present offense, despite one occurring during the conspiracy. He could not show clear error in the finding that those offenses were distinct because they did not involve the distribution of methamphetamine or the same participants as the conspiracy. *See* U.S.S.G. § 4A1.2(a); *United States v. Olson*, 408 F.3d 366, 373–74 (7th Cir. 2005) (possession for personal use is not relevant conduct in sentence for intent to distribute).

Nor could Gates raise a nonfrivolous challenge to his drug quantity. The court based its decision on the recorded conversations between Gates and Xiong, which make clear that Gates knew that his co-conspirator, using Gates's money, intended to obtain several pounds of methamphetamine even if she would distribute only a quarter of a pound to Gates per trip to her supplier. And when a defendant is involved in jointly undertaken criminal activity, he is accountable for the actions of others that are within the scope of and in furtherance of that activity, and reasonably foreseeable to him. *See United States v. Brown*, 822 F.3d 966, 976 (7th Cir. 2016).

Counsel does not identify any other potential procedural errors in the sentence, and we see none. As well as properly calculating the applicable guidelines range, the district court addressed the primary arguments in mitigation, applied the sentencing

factors under 18 U.S.C. § 3533(a), and explained the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We therefore move to the potential issues with the sentence's substantive reasonableness, which would receive review for abuse of discretion. *See United States v. Cunningham*, 883 F.3d 690, 701 (7th Cir. 2018).

On that subject, we agree with counsel that any challenge to Gates's sentence as substantively unreasonable would be futile. Gates received a below-guidelines term, so we would presume it to be reasonable, *see United States v. Dewitt*, 943 F.3d 1092, 1098 (7th Cir. 2019), and counsel is correct that there is nothing in the record that might rebut that presumption. The court weighed the sentencing factors under 18 U.S.C. § 3553(a), highlighting Gates's criminal history, his addiction to methamphetamine, the need to protect the community, and Gates's status as a "relatively sophisticated coordinator of purchases of methamphetamine" at levels that were "a step up from pure retail dealing," which together warranted "a fairly serious sentence." The court also considered, and agreed in part with, Gates's mitigating argument that his addiction contributed to his conduct. *See United States v. De La Torre*, 940 F.3d 938, 953 (7th Cir. 2019) (rejecting a challenge to the substantive reasonableness of a sentence where the court discussed and appropriately applied the factors under § 3553(a)). Finally, although counsel does not separately address Gates's supervised release, the court justified its imposition of a four-year term, rather than the statutory minimum of three years, by considering Gates's need for additional assistance transitioning into the community while remaining sober.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.