NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022
Decided April 1, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1861

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:17CR138-011 |
| JONATHAN AREVALO, *Defendant-Appellant.* | Philip P. Simon, *Judge.* |

**O R D E R**

Jonathan Arevalo pleaded guilty to conspiring to participate in racketeering activity after he aided members of the Latin Dragon Nation in the gang's affairs. *See* 18 U.S.C. § 1962(d). The plea agreement contemplated a term of 20 years in prison—the statutory maximum. *See id*. § 1963(a); FED. R. CRIM. P. 11(c)(1)(C). The district court accepted the plea and sentenced Arevalo to that term with two years' supervised release. In his plea agreement Arevalo said, "I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground

other than a claim of ineffective assistance of counsel … ." Despite the waiver, Arevalo appeals. His appointed counsel moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Because the analysis in counsel's brief appears thorough, and Arevalo has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the issues counsel has properly identified. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel informs us that he consulted with Arevalo and confirmed that Arevalo does not wish to withdraw his plea; thus, counsel had no reason to discuss any potential challenge to its validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Because an appeal waiver stands or falls with the underlying plea, and Arevalo does not contest its validity, we agree with counsel that the waiver is enforceable. *See United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020).

Although Arevalo's appeal waiver requires dismissal of the appeal, *see id.*, counsel nevertheless considers whether in the absence of the waiver a sentencing challenge would be frivolous. This was unnecessary because, when a waiver is present, the only potential issue is whether an exception to the waiver applies. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). Counsel does not examine whether an exception to the enforceability of the appeal waiver could apply, but we have reviewed the record and conclude that a lawyer could not reasonably argue that an exception applies here. Arevalo's 20-year sentence does not exceed the statutory maximum, the judge did not consider any constitutionally impermissible factors at sentencing, and the proceedings did not lack a "minimum of civilized procedure." *See id.*

We thus GRANT counsel's motion to withdraw and DISMISS the appeal.