NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2022
Decided April 20, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1814

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:20CR56-001 |
| KYLE JACKSON, *Defendant-Appellant.* | James T. Moody, *Judge.* |

**O R D E R**

Kyle Jackson pleaded guilty to making a false statement while purchasing a firearm, 18 U.S.C. § 922(a)(6), and the district court sentenced him within the guidelines range to 27 months in prison with 2 years' supervised release. Although his plea agreement contains an appeal waiver, Jackson appealed. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because her analysis appears thorough, and Jackson has not responded to counsel's motion, see CIR. R. 51(b), we limit

our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

We agree with counsel that Jackson's appeal waiver forecloses any appellate argument. Counsel tells us that she conferred with her client and Jackson does not wish to challenge his guilty plea, only the length of his sentence. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But, in his plea agreement, Jackson "expressly waive[d] [his] right to appeal or to contest [his] conviction and all components of [his] sentence or the manner in which [his] conviction or [his] sentence was determined or imposed, to any Court on any ground." An appeal waiver "stands or falls with the underlying agreement and plea," and because Jackson does not want to challenge the plea agreement, the appeal waiver blocks this appeal. *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020). Further, counsel correctly deems frivolous any argument that an exception to the appeal waiver could apply. See *id.* Jackson's 27-month sentence was less than the 10-year statutory maximum sentence that he faced, 18 U.S.C. § 924(a)(2), and his 2-year supervised-release term was below the 3-year maximum for a Class C felony. See *id.* §§ 3583(b)(2), 3559(a)(3). Additionally, the record does not reasonably suggest that the judge considered any constitutionally impermissible factor at sentencing.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.