NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022
Decided May 17, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2220

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No.20-cr-101 |
| ALMONDO BAKER, *Defendant-Appellant*. | William M. Conley, *Judge*. |

**O R D E R**

Almondo Baker pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and the district court sentenced him to 72 months in prison—below the applicable range under the Sentencing Guidelines—and three years of supervised release. Baker appeals, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because her analysis appears thorough, and Baker has not

suggested additional arguments, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Police officers arrested Baker after he reportedly threatened a man with a firearm, and they found a loaded handgun and eight grams of marijuana in the vehicle he had been driving. Baker, who had eleven prior felony convictions, eventually pleaded guilty to unlawfully possessing a firearm. 18 U.S.C. § 922(g)(1). The original presentence investigation report (PSR) increased his offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony— possessing marijuana with intent to distribute. Baker objected to that increase, and the government conceded that there was insufficient evidence to support it. Thus, the amended PSR calculated a range of 84 to 105 months' imprisonment based on a total offense level of 23 and a criminal history score of V. The supervised release range was one to three years. *See* U.S.S.G. § 5D1.2(a)(2). The district court adopted the amended PSR without objection.

At the sentencing hearing, the court discussed the "disturbing" circumstances of the offense: the gun was loaded, and Baker used it to threaten someone. It also considered Baker's lengthy criminal history (including a prior firearm-possession conviction), which suggested he had "learned nothing" from his past brushes with the law. It weighed those circumstances against the mitigating factors of Baker's difficult childhood, his mental health struggles, and the fact that he had never previously served longer than two years in prison. The court concluded that a below-guidelines sentence of 72 months' imprisonment followed by three years of supervised release, the statutory maximum, would be sufficient to serve the goals of sentencing.

Counsel represents that she consulted with Baker about the risks and benefits of attempting to withdraw his guilty plea, and Baker confirmed that he wishes to challenge only the length of his sentence. Counsel thus properly refrains from exploring the adequacy of the plea colloquy or whether the plea was otherwise knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel first considers whether Baker could argue that the district court made a procedural error at sentencing, but rightly concludes that any such argument would be frivolous. The court correctly calculated the 84-to-105-month guidelines range, to which there were no objections. *See* U.S.S.G. § 5A. And counsel rightly notes that the record does not reflect any other potential procedural errors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We also agree with counsel that any challenge to the substantive reasonableness of Baker's sentence would be futile. We presume that a below-guidelines sentence like Baker's is reasonable. *See United States v. Wehrle*, 985 F.3d 549, 557 (7th Cir. 2021). Nothing in the record could rebut that presumption. The court considered the aggravating circumstances of Baker's offense conduct and criminal history and reasonably weighed them against the mitigating factors of Baker's difficult upbringing and mental health issues to arrive at the sentence. *See* 18 U.S.C. § 3553(a).

Finally, counsel appropriately rejects challenges to the conditions and the three-year term of supervised release. The court's § 3553(a) analysis when imposing Baker's prison sentence was sufficient to justify the supervised-release term, *United States v. Bickart*, 825 F.3d 832, 839 (7th Cir. 2016), which was within the applicable guidelines range, *see* U.S.S.G. § 5D1.2(a)(2), and did not exceed the statutory maximum. *See* 18 U.S.C. § 3583(b)(2). Further, Baker waived any objection to the conditions by declining when the judge offered to justify each of them. *See United States v. Anderson*, 948 F.3d 910, 910–11 (7th Cir. 2020).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.