NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022
Decided February 4, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1862

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18CR00181-001 |
| ANTHONY WHITE, *Defendant-Appellant*. | Jane Magnus-Stinson, *Judge*. |

**O R D E R**

Anthony White pleaded guilty to twelve offenses related to nine robberies, some of them armed. *See* 18 U.S.C. §§ 2, 1951(a), 924(c). The district court sentenced him to a total of 240 months' imprisonment and 3 years' supervised release. The prison term is based on statutory minimum sentences for three § 924(c) weapons counts—60 months for one and 84 months for the other two, consecutive to each other, for a total of 228 months—and additional 12-month terms for each of nine § 1951(a) robbery counts, concurrent to each other and consecutive to the weapons counts. White appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw.

*See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and discusses the potential issues that an appeal like this would be expected to involve. Because this analysis appears thorough and White has not responded to the motion, *see* CIR. R. 51(b), we limit our review to the potential issues counsel identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel informs us that he consulted with his client and confirmed that White does not wish to challenge the validity of his guilty plea. Counsel thus properly refrains from exploring the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether White could challenge the district court's calculation of the sentencing guidelines range for his prison term, and he appropriately concludes that White could not. Because White did not object to the calculations at sentencing, we would review those calculations for plain error. *See United States v. Thomas*, 897 F.3d 807, 816 (7th Cir. 2018).

No such error is present. The district court correctly determined that, of the nine robbery counts, the greatest offense level among them (Count 6) was 30. To arrive at this level, the court began with a base offense level of 20, U.S.S.G. § 2B3.1(a), then added a 6-level enhancement for use of a firearm, U.S.S.G. § 2B3.1(b)(2)(B), and a further 2-level enhancement for bodily injury to a victim, U.S.S.G. § 2B3.1(b)(3)(A). The court then properly added 5 more levels for committing multiple related offenses, U.S.S.G. § 3D1.4, and subtracted 3 levels because White accepted responsibility, U.S.S.G. § 3E1.1(a), (b). For criminal history, the court accurately calculated White's category of IV based on 7 points (1 for battery, 2 for carrying a handgun without a license, 2 for robbery, and 2 for committing the instant offenses while under sentence for robbery). Based on these calculations, the court properly determined that White's guidelines range for the robberies was 135 to 168 months in prison. The court also properly determined that the Guidelines called for 228 months in prison for White's three weapons counts, which is the minimum required by statute (one count required 60 months; two counts required 84 months minimum due to brandishing a firearm). *See* 18 U.S.C. § 924(c)(1)(A)(i)–(ii); U.S.S.G. § 2K2.4(b).

Counsel next considers whether White can present any nonfrivolous argument challenging the substantive reasonableness of the sentence and rightly concludes that he

cannot. The court sentenced White on the weapons counts to the total statutory minimum of 228 months (60 months for one and 84 months for the other two, consecutive to each other, as mandated by 18 U.S.C. § 924(c)(1)(D)) and on his robbery counts to 12 months. That 12-month sentence is well below the bottom of the 135-to-168-month guidelines range. We presume that a below-guidelines sentence is reasonable. *See United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019). And nothing would rebut that presumption here because the district court reasonably balanced the sentencing factors under 18 U.S.C. § 3553(a). The court highlighted the seriousness of the crimes, including the injury to one of the victims, and it also weighed in mitigation White's personal history and characteristics—namely, his "horrible emotional trauma as a child" and his efforts at rehabilitation.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.