NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022
Decided March 18, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2226

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-CR-222 |
| DARRYL GREEN, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

## O R D E R

Darryl Green pleaded guilty to conspiring to commit child sex-trafficking by recruiting minor victims who he knew would be coerced into acts of prostitution. The district court sentenced him to 156 months in prison and 10 years of supervised release. Green appeals, but his counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because his analysis appears thorough, and Green has not responded to

counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

A grand jury indicted Green for offenses including child sex-trafficking and production of child pornography. He later entered into a written plea agreement with the government under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. In exchange for Green pleading guilty to a new charge of conspiracy under 18 U.S.C. § 1594(c), as to which he waived his right to be charged by indictment, the government agreed to a prison sentence between 120 and 156 months. This range was below what the parties expected the Sentencing Guidelines would call for—188 to 235 months.

The district court held a change-of-plea hearing, at which it accepted the plea agreement and agreed sentencing range under Rule 11(c)(1)(C). Before doing so, the court placed Green under oath and engaged in a long colloquy regarding the conspiracy charge, Green's understanding of the plea agreement and sentencing possibilities, and the voluntariness of his choice to enter a plea.

Because of an adjustment for the number of predicate offenses and victims, the presentence investigation report calculated an applicable sentencing range greater than what the plea agreement had contemplated: 324 to 405 months in prison and 5 years to life of supervised release, based on an offense level of 36 and a criminal history category VI. After adjusting the PSR to clarify a factual statement, and receiving no other objections, the district court adopted the PSR's calculations but determined that the parties' Rule 11(c)(1)(C) agreement remained reasonable and binding. After hearing the parties' arguments, the court discussed the sentencing factors under 18 U.S.C. § 3553(a), emphasizing the gravity of human trafficking crimes as "a contemporary manifestation of slavery" and Green's personal history of violent crimes against women. The court sentenced Green to 156 months in prison and 10 years of supervised release, concluding that a sentence at the maximum of the agreed range was justified to protect the public. Green agreed to all the proposed conditions of supervised release.

In his *Anders* brief, counsel concludes that various arguments would be frivolous because of an appeal waiver that forecloses any possible challenge to the conviction or sentence (provided the plea agreement is valid). But the plea agreement includes no such waiver: it does not limit Green's ability to appeal or the issues he could raise. Counsel's misstatement of the contents of the agreement is concerning, but because he alternatively discusses particular arguments Green could raise, we conclude that counsel nevertheless satisfies his obligation under *Anders*.

Counsel first assures us that he consulted with Green about the risks associated with challenging his guilty plea—namely, that vacating the agreement would place Green at risk of a far longer prison sentence—and Green does not want to contest or withdraw his plea. Therefore, counsel may forgo examining arguments about whether the plea was knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). And our review of the record leaves no doubt that judge took pains to ensure that it was.

Counsel considers whether Green could mount a non-frivolous argument that the district court procedurally erred in calculating or imposing the prison sentence, and rightly concludes that he cannot. Counsel finds no error in the calculation of the applicable guidelines range, which, in any case, was supplanted by the agreed sentencing range of 120 to 156 months. Under 18 U.S.C. § 3583(k) and U.S.S.G. § 5D1.2(b)(2), the range of supervised release was correctly set at five years to life. As for legality, each component of the sentence was less than the statutory maximum and not imposed based on any constitutionally impermissible factors. Further, the court addressed Green's arguments, applied the § 3553(a) factors, and explained the chosen sentence. Therefore, we agree that it would be frivolous to raise any procedural error in Green's sentence on appeal. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We also agree with counsel that a challenge to the substantive reasonableness of Green's sentence would be frivolous. We presume that a sentence within or below the applicable guidelines range is reasonable. *United States v. Griffith*, 913 F.3d 683, 689 (7th Cir. 2019). And it is difficult to imagine how Green could overcome that presumption when he agreed in advance to a sentence as long as the one he received. Further, counsel rightly concludes that the court adequately justified the sentence under the § 3553(a) factors: it considered Green's mitigating arguments based on his drug addiction and tumultuous family life, but it emphasized the severe impact of Green's crimes on his victims, his extensive history of violence against women, and the need for a lengthy term of supervision to protect the public and allow for possible rehabilitation from his drug addiction. *See id.* The district court also adequately supported the within-guidelines term of supervised release, acknowledging that 10 years was a "long time" but explaining that a "significant period" was necessary because Green could still pose a threat in his mid-sixties, had a long criminal history, and had committed a serious crime against multiple victims in a particularly callous manner.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.