NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022
Decided May 9, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2655

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:16-CR-50030(2) |
| DEANDRE HAYWOOD, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Deandre Haywood pleaded guilty to three counts of Hobbs Act robbery, 18 U.S.C. § 1951, and one count of discharging a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A). He was sentenced to 318 months' imprisonment and three years' supervised release. Haywood filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel explains the nature of the case and addresses the potential issues that an appeal of this kind would typically involve. Because the analysis in

counsel's brief appears thorough, and Haywood has not responded to the motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Haywood's guilty plea came after he was caught robbing several businesses with a gun in the fall of 2015. During each robbery, Haywood brandished a firearm, and he injured store employees at the second and third robberies. At the sentencing hearing, the district judge ensured that Haywood had reviewed the presentence investigation report (PSR) and confirmed that he had no objections to it. Then, for the robberies, the judge accepted the base offense level of 20, *see* U.S.S.G. § 2B3.1(a), and adopted increases for the first robbery for brandishing a firearm (five levels), physically restraining a victim (two levels), and stealing a controlled substance (one level), *see* §§ 2B3.1(b)(2)(C), (b)(4)(B), (b)(6); a seven-level increase for the second robbery for similar reasons, *see* §§ 2B3.1(b)(2)(A), (C); and a two-level increase for the third robbery for causing bodily injury, *see* § 2B3.1(b)(3)(A). With three levels subtracted for Haywood's acceptance of responsibility, the judge determined that the total adjusted offense level was 30, with an undisputed criminal history category of VI. The judge also acknowledged that the firearm count carried a mandatory consecutive sentence of at least ten years. *See* 18 U.S.C. § 924(c)(1)(A)(iii).

After hearing Haywood's allocution and arguments in mitigation, the judge rejected Haywood's request for time-served credit for a previously discharged state sentence. He acknowledged Haywood's familial support and reduced recidivism risk (he would be approximately 50 years old upon release) but emphasized the serious nature of the robberies and Haywood's extensive criminal history before imposing a sentence of 198 months' imprisonment for the three robbery counts, a consecutive 120-month term for the firearm count, and three years of supervised release on each count, all concurrent. The judge also ordered Haywood to pay $10,280.57 in restitution.

Counsel begins by confirming that Haywood does not wish to withdraw his guilty plea and correctly declines to analyze a potential challenge to the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next turns to possible challenges to Haywood's sentence and rejects them all as frivolous. First, he explains, and we agree, that Haywood could not argue that his prison sentences are unlawful. His 198-month terms for the robberies are below

the statutory maximum of 20 years, 18 U.S.C. § 1951(a), and his 120-month sentence for the firearms offense is the statutory minimum, § 924(c)(1)(A)(iii).

Second, counsel rightly concludes that the district judge accurately calculated the guidelines ranges based on the facts of the crimes to which Haywood admitted. After confirming Haywood had no objections to the calculations in the PSR, the judge applied the PSR's suggested multiple offense-level increases, *see* U.S.S.G. §§ 2B3.1(b)(2)–(b)(6), 3D1.4. Coupled with a criminal-history category of VI, the total offense level of 30 yielded a guidelines range of 168 to 210 months' imprisonment for the grouped robbery counts. Further, the judge observed that § 924(c)'s ten-year minimum served as the firearm count's guidelines range. *See* U.S.S.G. § 2K2.4 n.2A, 18 U.S.C. § 924(c)(1)(A)(iii). Lastly, the judge declined to credit time for the state-prison sentence because it was fully discharged before Haywood's sentencing in this case. *See* U.S.S.G. § 5G1.3.

Counsel discerns no other potential procedural error such as a failure to consider the sentencing factors under 18 U.S.C. § 3553(a) and mitigating arguments, or reliance on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Although the judge did not address the § 3553(a) factors in "checklist manner," he was not required to do so. *United States v. Barr*, 960 F.3d 906, 914 (7th Cir. 2020). The judge gave an "adequate statement" of the factors that weighed into his sentencing decision. *Id.* (internal quotations and citation omitted). Specifically, he acknowledged Haywood's mitigating arguments: his family support, his improvement while in prison, and a reduced risk of recidivism after a lengthy sentence. The judge explained, however, that protecting the public, Haywood's extensive criminal history, the violent nature of the robberies, and the need to deter others from engaging in similar conduct overrode the arguments in mitigation.

Third, counsel rightly concludes that Haywood could not challenge the sentences as substantively unreasonable under 18 U.S.C. § 3553(a). His within-guidelines sentences are entitled to a presumption of reasonableness on appeal. *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). Given the judge's thorough explanation, nothing in the record would rebut that presumption. The same is true of Haywood's within-guidelines terms of supervised release. *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). In any event, by not objecting to the term or conditions of supervised release, Haywood waived any such appellate challenge. *See United States v. Flores*, 929 F.3d 443, 449 (7th Cir. 2019).

Finally, the amount of restitution was dictated by statute, *see* 18 U.S.C. § 3663A, and was not disputed. A challenge based on those payments would thus be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.