NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2022
Decided June 24, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-3543

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 15 CR 38-001 |
| DAN I. WILSON, *Defendant-Appellant*. | Holly A. Brady, *Judge*. |

**O R D E R**

Dan Wilson pleaded guilty to conspiring to distribute and possess with intent to distribute at least one kilogram of heroin and at least five kilograms of cocaine in violation of 21 U.S.C. § 846. In a plea agreement, Wilson waived his right to appeal in exchange for the government's promise to recommend the statutory minimum sentence of 120 months' imprisonment. Nevertheless, Wilson filed this appeal. Now, his appellate counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that we would expect to see in this sort of an appeal. Because

counsel's analysis appears thorough, and Wilson has not responded, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Wilson was indicted for his role in a conspiracy to distribute heroin and cocaine in Akron, Ohio. He entered a written plea agreement in which the government agreed to recommend the minimum applicable sentence under the Guidelines. In exchange, Wilson agreed that "I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined, to any Court on any ground other than a claim of ineffective assistance of counsel." At sentencing, the parties argued for, and the court imposed, the statutory minimum sentence of 120 months' imprisonment (plus 5 years' supervised release.)

Counsel confirms that Wilson does not want to challenge his guilty plea, so she rightly does not discuss any such potential challenge. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel does consider whether Wilson could challenge his sentence despite his broad appellate waiver and rightly concludes that he could not. An appeal waiver stands or falls with the underlying agreement and plea, and because Wilson does not want to challenge the plea agreement, the appeal waiver blocks this appeal. *See United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020). Further, counsel correctly deems frivolous any argument that an exception to the appeal waiver could apply. *See id.* The government recommended the lowest possible sentence, and the record does not suggest that the judge considered any constitutionally impermissible criteria at sentencing. Finally, counsel also rightly concludes that Wilson could not challenge the conditions of his supervised release. His appellate waiver extended to "all components" of his sentence, and these include his supervised release conditions. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.