**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022
Decided October 18, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2708

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:19CR00026-001 |
| ANDREA JOHNSON, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

**O R D E R**

Andrea Johnson pleaded guilty, under a plea agreement, to possessing a handgun as a felon. 18 U.S.C. § 922(g)(1). His plea agreement contained a broad appellate waiver: Johnson "expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground" except ineffective assistance of counsel, a retroactive amendment to the Sentencing Guidelines that lowers the applicable guidelines range, and compassionate release. Johnson now appeals, but counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Johnson has not responded to counsel's motion.

*See* CIR. R. 51(b). Because counsel carefully explains the nature of the case, addresses the potential issues that an appeal like this might involve, and appears to analyze the issues thoroughly, we limit our review to counsel's discussion. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

After leading police on a car chase and crashing into a concrete wall, Johnson was arrested in Evansville, Indiana. A search of the car revealed a loaded handgun, and Johnson was charged with possessing a handgun as a felon, a violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 31 months' imprisonment and 3 years of supervised release and imposed a special assessment.

In her brief, counsel states that she consulted with Johnson and confirmed that he does not seek to withdraw his guilty plea; Johnson seeks to challenge only the length of the sentence. Counsel thus properly omits discussion of any arguments related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel next addresses Johnson's sentence and correctly concludes that the appeal waiver forecloses any challenge. In his plea agreement, Johnson waived the right to appeal "the sentence imposed in this case" in exchange for certain promises from the government. The appeal waiver "stands or falls with the underlying guilty plea." *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). But because Johnson does not wish to challenge his plea, we must enforce his waiver. *Id.* (Even if Johnson did contemplate a challenge to the plea, we also agree with counsel that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure and ensured that the plea was knowing and voluntary.) And counsel rightly explains that Johnson's case does not fall within any of the waiver's narrow exceptions and does not reflect any of the limited circumstances in which we would otherwise decline to enforce a valid appeal waiver. *United States v. Nulf*, 978 F.3d 504, 507 (7th Cir. 2020). Specifically, the court did not consider a constitutionally impermissible factor at sentencing, nor does the sentence exceed its statutory maximum of ten years. *See id.*; 18 U.S.C. § 924(a)(2) (2018). Further, the waiver covered "the length and conditions of supervised release"; thus it bars appellate review of those terms also.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.