NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2022
Decided October 26, 2022

*Before*

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 22-1091

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20CR00343-001 |
| JOHN L. LEE III, *Defendant-Appellant.* | James Patrick Hanlon, *Judge.* |

## O R D E R

John Lee, while on probation for child molesting, was discovered in 2019 to have hundreds of sexually explicit images of minors, including infants, that depicted acts of sadism and masochism. He later pleaded guilty to 12 counts of receiving and 2 counts of possessing child pornography. See 18 U.S.C. § 2252(a)(2), (4)(B). The district judge accepted the plea and sentenced Lee to prison terms of 300 months for receipt and 240 months for possession—to be served concurrently—with a life term of supervised release. Lee appealed, but his appointed counsel asserts that the appeal is frivolous and

moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Because the analysis in counsel's brief appears thorough, and Lee has not responded to counsel's motion, see CIR. R. 51(b), we limit our review to the issues that counsel has properly identified. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first informs us that she consulted with Lee and confirmed that Lee does not wish to withdraw his plea. Thus, counsel appropriately declines to discuss any potential challenge to the plea's validity. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel then considers whether Lee could raise a nonfrivolous challenge to his sentence and rightly concludes that he could not. To begin, counsel accurately explains that Lee's 300- and 240-month prison terms did not exceed the statutory maximums. Accounting for Lee's prior convictions of child molesting, the district judge could have lawfully imposed a prison term of up to 480 months for receiving child pornography, 18 U.S.C. § 2252(b)(1), and 240 months for possessing it, id. § 2252(b)(2).

Next, counsel correctly determines that a procedural challenge to the calculation of the advisory range under the Sentencing Guidelines would be pointless. The district judge adopted the guidelines range from the presentence investigation report, which advised 262 to 327 months in prison. (Both offenses were grouped for guidelines-calculation purposes. See U.S.S.G. § 3D1.2(d).) Lee made one written objection to that calculation after reviewing the report: He argued that the four-level enhancement for possessing material that portrays sadistic or masochistic conduct should not apply. See U.S.S.G. § 2G2.2(b)(4). But he withdrew that objection at his sentencing hearing and made no other objections. Thus, Lee waived any procedural challenge to the calculation of the guidelines range. See *United States v. Boyle*, 28 F.4th 798, 802 (7th Cir. 2022).

We also agree with counsel that any challenge to the substantive reasonableness of Lee's sentence would be futile. Lee's 300-month prison term for receipt (which subsumes the concurrent 240-month sentence for possession) falls within the guidelines range, and so we would presume that it is reasonable. See *United States v. Jarigese*, 999 F.3d 464, 471 (7th Cir. 2021). Like counsel, we cannot identify anything in the record that might rebut that presumption. The district judge reasonably balanced the sentencing factors under 18 U.S.C. § 3553(a) by highlighting Lee's "extremely serious" offense of child pornography, see id. § 3553(a)(2)(A), his history of repeating this type of crime, see id. § 3553(a)(1), and the need to protect the public, see id. § 3553(a)(2)(C),

against Lee's principal mitigating arguments, including his mental health and history of sexual abuse. See *United States v. Modjewski*, 783 F.3d 645, 654 (7th Cir. 2015).

Finally, counsel contemplates whether Lee could plausibly challenge the term or conditions of supervised release, but she appropriately decides that any such challenge would be pointless. As with the objection to the calculation of the guidelines range, Lee made a written objection to one condition of supervised release outlined in the presentence investigation report (polygraph testing). But here too he withdrew the objection at sentencing and declined to raise any additional concerns when invited to object to the report or the final sentence. He thus waived any objections. See *United States v. Anderson*, 948 F.3d 910, 911–12 (7th Cir. 2020); *United States v. Schrode*, 839 F.3d 545, 555 (7th Cir. 2016).

We GRANT counsel's motion to withdraw and DISMISS the appeal.