NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2022
Decided November 21, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2620

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:20CR89-001 |
| ANDREW LINDSEY, *Defendant-Appellant.* | Damon R. Leichty, *Judge.* |

**O R D E R**

Andrew Lindsey pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The district judge sentenced him to 87 months in prison and 2 years of supervised release. Lindsey appealed, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Lindsey did not respond to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would typically involve. Because the analysis appears thorough, we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Lindsey went to his uncle's South Bend, Indiana, apartment to pay back money he owed. While there, Lindsey saw his cousin, pulled out a firearm, and fired one shot into the floor. Police officers responded to a call of shots fired and arrested Lindsey not far from the apartment. He told the arresting officers that he had a gun for his own protection and that he had fired it because he was afraid his cousin was going to beat him up for not paying his uncle on time. Lindsey was charged with violating § 922(g)(1), and in March 2021, he pleaded guilty without a plea agreement.

At the sentencing hearing, the district judge adopted the recommendations in the presentence investigation report (PSR) about the applicable ranges under the Sentencing Guidelines. Neither party objected. Lindsey's base offense level was 20 because he had a prior conviction for a controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(4)(A). Concluding that Lindsey committed the felony of criminal recklessness under Indiana law when he fired the shot into the floor with at least three other people present, the judge added four offense levels for using or possessing the firearm in connection with that offense. *See id.* § 2K2.1(b)(6)(B). The judge calculated Lindsey's criminal-history category to be V based on 3 convictions with sentences exceeding 13 months and another conviction for which he received 30 months' probation. This resulted in a guideline imprisonment range of 70 to 87 months, with a statutory maximum of 10 years under the 2018 version of 18 U.S.C. § 924(a)(2), and a guidelines supervised-release range of 1 to 3 years, U.S.S.G. § 5D1.2(a)(2), with a statutory maximum of 3 years, 18 U.S.C. § 3583(b)(2).

The judge then weighed the factors under 18 U.S.C. § 3553(a). He noted that Lindsey grew up in an impoverished neighborhood and was surrounded by widespread drug use and gang activity, leading to his affiliation with a gang from the 1970s to the 1990s. His personal background was punctuated by tragedy: he lost his father when he was 15 years old, lost his mother in 2017 to illness, and lost his sister to homicide the week before the change of plea hearing. He "escaped" a criminal history category of VI because some convictions, including a 1988 murder and a 2000 controlled substance delivery, were too old. His various prison sentences exceeded 40 years, and the judge noted that alternative forms of correction had been hit or miss. The judge also considered Lindsey's need for treatment for a heroin addiction and observed that Lindsey's education and employment background were mixed.

Counsel first informs us that she consulted with Lindsey and confirmed that Lindsey wishes to challenge only his sentence, not his conviction. Counsel thus properly refrains from discussing the validity of the guilty plea. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether the district judge correctly calculated Lindsey's guidelines range. We agree that it would be frivolous to argue that the judge erred in setting Lindsey's base offense level at 20 because of one prior "controlled substance offense": an Illinois conviction in 2007 for possession with intent to deliver cocaine within 1000 feet of a church. 720 ILCS 570/401(d), 570/407(b)(2) (2005); *see United States v. Ruth*, 966 F.3d 642, 654 (7th Cir. 2020). Challenging the four-level increase for using the firearm in connection with another felony would also be futile. *See* U.S.S.G. § 2K2.1(b)(6)(B). Lindsey admitted that he fired a gun into an inhabited dwelling, which is criminal recklessness punishable by at least one year imprisonment under Indiana law. *See* IND. CODE §§ 35-42-2-2(b)(2)(A), 35-50-2-6(b); U.S.S.G. § 2K2.1, cmt. n. 14(C).

Counsel also rightly concludes that it would be frivolous to challenge the calculation of Lindsey's criminal-history category. Lindsey correctly received 3 points for each of his 3 convictions with a sentence greater than 1 year and 1 month and 1 point for a conviction resulting in 30 months' probation. *See* U.S.S.G. § 4A1.1(a), (c). With a total of 10 criminal-history points, the judge appropriately placed Lindsey in category V. Counsel identifies no other potential procedural errors to raise on appeal. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Counsel next correctly asserts that a substantive reasonableness challenge to Lindsey's sentence would be frivolous. We would presume his sentence is not unreasonably high because it fell within the properly calculated guideline range. *United States v. Major*, 33 F.4th 370, 384 (7th Cir. 2022). Counsel finds no basis for rebutting that presumption because the judge adequately explained his reasoning with reference to the § 3553(a) factors. *See United States v. Porraz*, 943 F.3d 1099, 1104 (7th Cir. 2019). He considered Lindsey's difficult personal background; the potential for unwarranted disparities; and Lindsey's need for treatment.

We also agree with counsel that there are no nonfrivolous challenges to the term or conditions of Lindsey's supervised release. Lindsey did not object to either, and he repeated at sentencing that he had no objection to the conditions, despite having the opportunity to contest them, and he thus waived any appellate challenge to them. *United States v. Anderson*, 948 F.3d 910, 910–11 (7th Cir. 2020).

In the course of reviewing counsel's motion, we noted an error on the written judgment form. Although the parties correctly determined that Lindsey did not qualify as an armed career criminal subject to 18 U.S.C. § 924(e), the judgment states that Lindsey was "adjudicated guilty" under that provision. As reflected in the sentencing hearing transcript, however, Lindsey's sentence fell under the 2018 version of § 924(a)(2), which at the time carried a 10-year maximum sentence, as compared to

§ 924(e)'s 15-year minimum. The discrepancy in the written judgment therefore is a clerical error, correctable at any time under Rule 36 of the Federal Rules of Criminal Procedure. *See United States v. Anobah*, 734 F.3d 733, 739 (7th Cir. 2013). After giving the parties notice and receiving no objection, we order the district court to enter an amended judgment that omits reference to § 924(e) and request counsel's cooperation in ensuring that this is done.

We GRANT counsel's motion to withdraw and DISMISS the appeal.